The second case on our call of the docket is case number 110085, People v. James Ziobro, agenda number 5. Ms. O'Connell. Good morning. May it please the Court, Assistant Attorney General Aaron O'Connell, on behalf of the people of the State of Illinois. The trial court in this case dismissed misdemeanor DUI charges against the defendants with prejudice, even though none of the traditional reasons for granting a dismissal with prejudice applied in this case. This Court should reverse, because the defendants were not entitled to such a drastic remedy for what ultimately were non-prejudicial technical errors of Rule 504's requirement that an arresting officer set a first appearance date within 60 days of arrest. In all of these cases, the crimes were serious. Mr. Ziobro was involved in an accident as a result of driving under the influence, and it had resulting injuries. There was evidence in Lemoyne's case that he was stopped because he was crossing the center line into oncoming traffic. At a minimum, each of these DUI charges are class A misdemeanors, but because this was dismissed so early on, we don't even know at this stage if any of these defendants are actually serial DUI offenders. Under the statute, if one of these defendants, if this is his sixth DUI, then he would be guilty of a class X felony, a very serious charge. The State is at this point prohibited from filing even those felony DUI charges because the trial court has designated the dismissal orders with prejudice. The trial court and the appellate court gave two different reasons for justifying the dismissal with prejudice. Neither of these rationales is persuasive. The trial court solely relied on the fact that the first appearance date was set outside of the 60-day window. In one case, it was 61 days. In another case, 62. I'd like to alert the court in the case of Mr. Walmsganz. The court may have noticed that the parties are in apparent disagreement about the date of his first appearance. We had relied on the date of January 20th, and the defendant relies on November 20th. In fact, if you look very closely at defendant's appendix A28, you can see that it is, in fact, an 11 rather than a 1. So this would be November 20th. This is 63 days following the defendant's arrest. So we're talking about 1, 2, and 3 days here. Did the trial judge engage in an exercise of use of discretion in this dismissal, or did the trial judge believe he was compelled to dismiss the case? Do we know? The trial judges appeared to believe that they were compelled. They seemed to believe that under the rule, it's a requirement that if the state cannot come in and show that it was impracticable to schedule a date within 60 days, that that required automatic dismissal. And the trial judges really, in terms of designating the dismissal with or without prejudice, the trial judges didn't really give any reason beyond this belief that they were simply required to do so. So in this case, as we've argued, the standard of review for the questions presented is de novo because the trial judges were not actually exercising discretion. Well, could they, under the mandatory language of the statute, exercise discretion? I'm sorry. It's shall, isn't it? Dismiss? The word shall in the statute? No. Actually, the statute doesn't speak to what the remedy will be. The statute directs arresting officers to set a first appearance within 60 days. Shall set the date. Right. And there's no dispute that the arresting officers were bound by that rule and that they certainly should have set a date within 60 days. So there was a violation here. But the rule does not speak at all to what the remedy should be if there is a violation. And that's what makes this rule a directory rule versus a mandatory rule. As this court has already held in Village of Park Forest versus Fagan, this is a directory rule. There is no provision as to what remedy should follow. And furthermore, this is not a case where a violation of the rule is traditionally going to result in prejudice to either the private parties or the public interest. So in recent cases such as People versus Del Villar, this court has talked about what is required if a rule is directory and there is a violation. We have argued that under the principles set forth in that case,  but must find that the defendant suffered some prejudice for the error, the violation of the directory rule. To answer this question, does the trial court have discretion to dismiss or does the trial court have discretion to deny a motion for continuance? For example, is it the Robbins? Is that the Robbins case here dealing with this rule? The language of this court was it concerned the discretion of the court in ruling on motions for continuance, to deny or not, or the motion to refile after the case had been non-laprox. Correct. So where does this – I'm not familiar with an idea that a court has discretion to dismiss a criminal charge. Where would that come from? Well, the court does have discretion to dismiss the charge without prejudice. However, in the criminal context, the court is restricted in the circumstances under which it should be granting a dismissal with prejudice. The court also, under different circumstances, does have the discretion to deny continuances, but I think the rules that apply to that are more favorable to the state in terms of there's a rule for dismissal of charges that says that if the state is unable to prosecute, a trial judge should grant another continuance for trial. So here, this resulted in an extremely dramatic result for what is here under Rule 504, this technical violation of the 60-day requirement. And just to be clear, under DelValar, as this court noted, there was a violation here of a state official's duty, and so there's no question that going forward, all arresting officers in this state are bound by the 60-day requirement, and there's no reason to believe that officers across the state are not obeying this requirement. The question is just when an arresting officer makes such an error, what remedy does a defendant get? And the remedy here of dismissal with prejudice shouldn't be on the table because none of the traditional bases for designating a dismissal with prejudice apply. Well, is this subject then to the harmless error analysis? I think – I don't know how that would actually come in to play under these circumstances. I mean, certainly what we're arguing is similar to a harmless error standard in that the – The failure to set the first appearance date, that's what I'm saying. Within the 60-day limit, is that subject to a harmless error analysis? Not according to the trial court in this case. But we're arguing that there should be a requirement that the error be shown not to be harmless. I don't know if that answers the question. So you are applying a harmless error analysis? To a certain extent, but not – we're not phrasing it in the terms of harmless error. What are you phrasing it as? As a requirement that there be a showing of prejudice. And we take that language out of the Del Villar case. When charges are dismissed, let's say because of a speedy trial violation, the dismissal is with prejudice. Correct. So why would that be the same here? Well, these defendants are actually also governed by the Speedy Trial Act. So in these – this is not – So the state can pick and choose between which act it would apply? 504 or Speedy Trial? Not exactly. Okay. Well, first of all, this actually isn't a speedy trial violation. You're talking about the ability to dismiss with prejudice. Okay. Yes, if there was a violation of the Speedy Trial Act, there's no dispute that the trial court would have discretion. Why would it be the same here, 504? The difference is that under the statute that provides basis for dismissal with prejudice, the Speedy Trial Act violation is one of the recognized categories. So the – let me get this cite for you. Under 725 ILCS 5114-1 sets forth the different bases for dismissing charges, and it sets forth that there are only three bases actually for dismissal with prejudice. One is a violation of the Speedy Trial Act. Let's see. The other one, expiration of the statute of limitations or a clear showing that the defendant has immunity from prosecution. So these are actually violations of certain rights of a defendant that would result in prejudice to him, and it makes sense for those types of errors to result in a dismissal with prejudice. However, here there is no statute that would provide the court with authority to dismiss with prejudice. The only other basis that this court has ever recognized has been a violation of due process in bringing charges. This court has never, under any similar circumstances, found that a simple violation of a directory rule should also result in a dismissal with prejudice. On another subject, in your brief I think you said that it is unclear from the Afonso and Walter cases whether the dismissal were with or without prejudice. Given that the state took an appeal in both cases, does that clearly indicate that the dismissal orders were in fact final and appealable? Yes, Your Honor is correct. Because it wouldn't be a final judgment if it were without prejudice, it can be inferred that the dismissals were with prejudice. The problem is that none of these courts have really analyzed what are the bases for a dismissal with prejudice and why should this sort of an error fall within that drastic remedy. So it is fair to say that those were dismissals with prejudice, but the fact remains that the court didn't grapple with the issue in those cases. So the remedy that you propose for the first sentence violation, Rule 504, would be what? The remedy that we propose is that if a defendant can come in and show prejudice, then the trial court has the discretion to dismiss the charges without prejudice. What prejudice would the defendant have to show in a speedy trial violation? It would be a similar type of prejudice. The rules are obviously designed to ensure that the evidence remains fresh, that traffic defendants get a quick trial. So if there were some inordinate delay under Rule 504 and a defendant could come in and show that that somehow impaired his defense, that would provide a basis for dismissal of the charges. And I'm going to ask you again. You have argued the statute, the statute that is entitled Motions to Dismiss Charge. It sets out 11 grounds that provide a basis for the trial court to dismiss a criminal charge. And then, as you've pointed out, Section E of the statute indicates that 4 through 11 of those, a dismissal under those various reasons, for example, an improper place of trial, et cetera, does not prevent the return of a new indictment or the filing of a new charge. Correct. But looking at it the other way, the statute pretty clearly is indicating that a dismissal under 1, 2, and 3, that are basically the Speedy Trial Act sections, are final. You're using the expression without prejudice meaning the new charge can't be filed. Once it's dismissed, it's over. But there are 11 very specific grounds that the statute sets out upon which the court can dismiss a charge. But you're conceding that somehow this rule provides a 12th basis for dismissal? I think Your Honor makes a very good point in that this does not specifically fit under any of the circumstances. But there are circumstances where a trial court will dismiss a charge without prejudice or When? Beyond these 11. I think if you make a dismissal for want of prosecution perhaps, the motion for continuance by the state is made, the trial court has the discretion, the trial court says no, it won't continue the case. Then what happens? And we have a whole body of law of the difficulties that occur from there. Is that kind of what you're talking about here? I believe so. I mean, I guess the way that we've phrased the argument, the circumstances would be extraordinarily limited in which a trial court would actually be within its discretion to dismiss charges pursuant to the first sentence of Rule 504 because there would have to be a showing of prejudice. And then in those circumstances it would be analogous to the provisions of the statute, such as the Speedy Trial Act violation. But Your Honor is correct that there is no explicit basis on which the courts have relied to warrant dismissals even without prejudice for violations of Rule 504. Does it make any difference in your analysis whether it's a fineable only offense or a misdemeanor? If it's a fine only? If it's a 504 violation? In other words, does it make a difference if it's a speeding case versus a DUI? Not for Rule 504's first sentence. However, this gets to the appellate court's reasoning that the offender is entitled to a dismissal with prejudice based on a state's failure to, at the first appearance in court, proceed to trial. That is the second provision of Rule 504, which is limited to fine only offenders. And that was error to rely on that as a basis to dismiss these misdemeanor DUI charges. The second portion of 504 refers to fine only, but it also refers to arresting agencies that have been exempted from the requirements of Rule 505. Has Will County been exempted? There's no evidence in the record at this point as to whether Will County is exempted. So we have treated it as if this agency were subject to that provision, in addition to the provision of Rule 505. But that could certainly arise in another case where that would be a second exclusion under that provision, yet another example of when a defendant is not entitled to a trial at his first appearance. I would also note that in terms of this, there's sort of a practical problem with the trial courts proceeding in this fashion, because it really would have been a case where the defendant would have been exempted and it would have been nearly impossible for there to be a trial on the merits on the first appearance date. Every single one of these defendants filed a demand for jury trial. As this court noted in Norris, the actual scheduling of a jury trial, the rule provides it has to be within a reasonable time, but the party that is making the determination of when to schedule is going to be the trial court. So presumably these defendants, because they had demanded a trial by jury, would on their first appearance need to, at that time, get a jury trial date. So it's actually sort of inconsistent with the jury trial demand that the defendants then appeared in court on the first day and said, we're ready for trial. I mean, there's no evidence that a jury had been assembled and that the court was even prepared to accommodate the defendants in that request. Unless the court has any further questions now, I'll save my remaining points for rebuttal. Thank you, Ms. O'Connell. Mr. Hamill? My name is Ted Hamill, and I represent Mr. Zybrow, Womgams, and Lamoni. I don't represent Mr. Shanahan. He is with another counsel. The point the court asked before whether or not this Will County was exempt, I do not know that wasn't raised either at the trial court or the appellate court. As to a point counsel made regarding ready for trial, we were ready for trial. In fact, in Womgams, the judges had a judge available for trial that day. So in fact, the state passed the case three times just to confirm if they could even get a witness, where a witness was, I took that as being ready for trial from the state, even though they were trying to call on the phone. Let me give you an idea of how this proceeded in the mind frames of the courts. First it was People v. Love, a Will County third district case, where a speedy trial, jury trial demand was filed along with the motion to dismiss because of the rule violation of 1460 days. Court granted it. Court granted the motion to dismiss. Appellate court third district said, well, how could you really be ready for trial if you filed a motion to dismiss? Obviously, they had to be dispositive of the motion. And the dicta kind of said, well, you filed a motion to dismiss, really weren't ready for trial. So it wasn't dismissed with prejudice. Now that came back. So you've got to understand the mind frame because first we had Lamoni. That was April 26th was the date of arrest. And the date of filing was June 11th. And Zybro, date of arrest June 6th. Date of filing July 23rd. Lamgamson, date of arrest September 18th. This ain't something new with the filing. This isn't something just completely, you know, caught something new created. It was with Love. Sorry for the use of terms, but it happened in the Love case as well as in this case, these cases. So the idea, for example, Mr. Lamoni was a resident of Louisiana. Filed a jury trial, speedy trial. We appeared, answered a plea of not guilty, and ready for trial. When the state said they weren't ready for trial, it's not set for trial, I filed the motion to dismiss. Did you ask for continuance? Or excuse me, did the state ask for continuance? No, and that's part of the point. I mean, there's a number of options available to them. Number one, they could have asked for a motion to continuance. Number two, they could have made a motion nalli prosecui. I don't know exactly how that ramifications on a refile, but there's a number of variations. They could have just passed the case. And on all of them, I didn't hear any of them doing that except for in Wamgams passing the case. So there was no other motions, which I think the courts would have listened to. I can't speak for Judge Egan and Judge Mason, but they're the two judges in this case, who was, I believe, Judge Egan was the judge in People v. Love. Did the trial court have discretion to deny a dismissal? Is this a discretionary question, or was the trial court required to dismiss when the state said not ready? Well, it depends on why not ready. I mean, in my opinion, could the court have denied it? I imagine, yes, they could have. If the state said, Judge, our officer was just in a traffic accident on the way to court. We need more time. Will you continue it? I mean, so in essence, yes, he could have continued it, and I don't want to create an example, but, yes, I think the court could have if the state would have given him an argument to do that. But there was no argument given. So when we went to the motion to dismiss, again, no argument was given. I mean, no indication of impracticality of why the dates weren't set or why the date was set where it was, the impracticality of not setting it within the time frame. Again, why not show something to the court to say, all right, it was impractical to set it within 60 days because? We didn't get that. In fact, one judge, I think Judge Mason was the one who said you didn't take other options. You could have done other things. You didn't do anything. Mr. Hamill, your comment that the state could have done something like ask for a continuance, for example, I mean, doesn't that bolster the argument of the state that the proper procedure here by the judge would have been if there was going to be a dismissal to dismiss without prejudice? I mean, you don't seem like you're arguing that the state couldn't ask for a continuance. In fact, you specifically stated there were options open to the state, such as asking for a continuance. Doesn't that at least go that if we agree with the state that prejudice is needed for the court to not abuse its discretion in issuing an order that dismisses with prejudice, if we agree with that argument, aren't you asserting that there wasn't any prejudice to these defendants? I didn't mean to imply that there wasn't. But I mean to imply they could have done something. There was nothing that was, you know, what could have been done. They, you know, and I'm not speaking for a prosecutor. Well, let me ask you flat out. I mean, how were your client, how would have your clients been prejudiced if the dismissal would have been without prejudice? Well, glad you asked that, Judge. Justice, sorry. Because a resident of Louisiana has to travel at least 875 miles to and from Louisiana. Again, he has to come back additional times. My client has to come back. Even if they're in the area, still have to come back, take a day off work. So you either have working hardship, travel hardship, where is he going to stay, and memories are fresher from the date of the occurrence rather than how much time does he need. Where is the officer? A lot of these questions weren't answered. But, yeah, there is prejudice and there is harm from not, because we were ready that day to go. In fact, with Judge Mason saying, I have a judge available. As a rhetorical question, if there was a judge available, we would have gone to trial. Okay. In WAMGAMS. We would have gone to trial that day. So. However, he had not demanded a trial, correct? Excuse me? He had not demanded a trial, WAMGAMS? Oh, no, he did. He did? One of the three did not, right? Oh, that was Shanahan, not my client. Okay. Shanahan came to court, from what I read from the facts, came into court and asked it to be dismissed. But he didn't clearly say trial. So they said, well, it's dismissed without prejudice. Okay. How do we deal with the language in Norris where we have said before that the scheduling of the jury, dealing with this very interplay of these Supreme Court rules, we said the scheduling of a jury trial itself is a matter left to the discretion of the trial judge. The rule provides that this discretion may be limited by the choice of a defendant who files a speedy trial demand, which means that the State must bring him or her to trial within 120 days if the defendant is in custody, or within 160 days if the defendant is not in custody. This language seems to indicate that this prejudice idea is addressed by the Speedy Trial Act and not by some discretionary authority of the trial court to dismiss the charge. But in People v. Norris, I believe there's about 20 cases that this Court heard, and in the 20 cases the fact patterns weren't here. The fact pattern was, I believe, that they came into court and there were multiple, in some cases multiple, continuances. And finally, when the trial date was set, then the question became whether or not that was the outright dismissal, was there a speedy trial violation. We didn't have that here. What we were trying to do is eliminate the multiple court appearances because court calls are increasingly packed. Court houses are increasingly packed. There's a time frame of a budgetary crisis. I mean, trying to get everybody and get a trial resolved as quickly and expeditiously and properly as possible is what we were trying to accomplish. Go through the case properly and be done with the case. But in that sense of Norris, it says it's not, as the Court well knows, it's not guaranteed a trial on the first appearance date. But those facts were remarkably different from the facts in this case being that we didn't ask for extensive pretrial litigation. That's not my concern. My concern is the language that I just read from that sets the outside limit of when the trial had to take place, not on the first date, but within 120 days of the defendant is in custody or 160 days of the defendant is not in custody after a jury demand is made. And you're correct as to that, but when I invoked Supreme Court Rule 504 and 505, the trial date should have been set for whatever reason it wasn't. So in my opinion, it was the date of appearance because when you file a jury trial demand, and I took it a step further. I just didn't file a jury trial demand with the clerk. I filed it with the state and the clerk, but no action was done. So that's why I said it's not nothing. It wasn't that the state wasn't aware a trial demand was made or a speedy trial demand was made. They clearly were aware of it. What they did, for whatever reason, it just wasn't ready for trial. So if I proceed through with Wam-Gamson, we would have gone to trial that day. If the witness would appear, because they passed it three times, they said we're going to try to get him here and Judge Mason said we have a judge available for trial. Was the basis of the dismissal the fact that the officer didn't set this within 60 days or was the basis of the dismissal that the state didn't proceed to trial? From the third district's perspective, the way they first set it up, they said, first we have to analyze the 14- to 60-day rule. Clearly there was a violation. Clearly, absolutely no evidence of impracticality was ever presented, so it was dismissed. The second question is whether or not the jury trial demand that a trial was held, and so they rested their head on the use of a better term on the second part, that no jury trial was held and that was the basis for the dismissal. So they did it more of a two-tier approach from the way I read people versus eyebrow. And the way I read people versus love is saying that there was no demand for trial made, ergo love was not dismissed without prejudice. Love was dismissed without prejudice, sorry. Love, in quoting Norris, says these rules, 504 and 505, allow the trial judge to have complete discretion over what should occur in a particular case. And, of course, it says in referring to one sentence of 504, it says, this is a policy, not an exhortable command. To clarify something for me, if I understand 504 correctly, only the first and the last sentences in 504 are applicable to this case. The sentence that said it is a policy of the court that an arresting officer, or if the arresting agency has been exempted from the requirements of Rule 505, that sentence doesn't come into play because we have no indication that Will County is exempted. Is that correct? I couldn't tell the court. We don't have any information they're exempted. I think, as a matter of fact, they're not. That's outside the record. But there's no indication they're not exempted. So paragraph or sentence one says those dates shall be set not less than 14, more than 60. And then the last sentence merely says a failure to appear on the first appearance date by the arresting officer is not good cause for a continuance. Rule 505 tells the defendant what to do to avoid multiple court appearances. And it seems to me you did this in this case. You filed a not guilty plea, demanded a trial by jury, so there was no need to appear on that date other than the fact you would also set your motions to dismiss on that first appearance date. So doesn't that take care of the problem as far as the prejudice to the defendant or the traveling to 800 miles is concerned, the fact that you do avoid multiple court appearance dates by following the mandates of 504 and 505? Yes, and let the court know, following these mandates from this rule have been extremely helpful in the future. You get trial dates. You're not claiming that the failure of the circuit clerk in this case to immediately set a trial date. I'm not blaming anyone, no. So the basis for the dismissal is simply the failure to set the matter within 14, or not less than 14, or more than 60 days. 60 days, and it was the first year, then the second year was. And nothing else makes any difference. That was the first year, and then the second year is that we followed the rule explicitly regarding notice and demand for trial. But there's nothing in here that guarantees you a trial on the first appearance date unless it's an exempted agency. Again, I can't. Well, does it say that you're guaranteed a trial on the first date? It doesn't. And, again, even the Supreme Court case Norris says there's no guarantee that you're going to get a trial. But even though you're not guaranteed, it doesn't mean you can't have it. And we almost did have it in WAMGAMS. So even though it doesn't guarantee it, the whole idea is trying to facilitate an expeditious not having to go to court. For a lot of people, even for me appearing before this court, it's quite intimidating. So for me to appear in front of this court, which is quite intimidating, has to be incredibly intimidating for the average common person charged with a crime to make multiple court appearances in Will County Court. I may take it more at ease, but, again, even appearing before this court is quite a bit. So the common themes in all my cases is that you filed the appropriate documentation with both the clerk and the state. Now, normally, you don't have to. But I did take it one step further by filing with the state. But, again, what does that have to do with the basis for the dismissal if the dismissal was because the first hearing date was not set within 60 days? What you did. I complied with the rules being that if any pleading is filed, you shall give it to the other party. So I think that's only appropriate if I file a jury trial. And by complying with the rules, the defendants need not appear on the originally set first appearance date by complying with Rule 505. If the trial date was – if I got a notice of a different date, yes. So then you are saying that the failure of the clerk to send a different date prior to the date set is a basis for the trial court's dismissal? Yeah, well, I'm not trying – I'm not here to point fingers. I'm trying to say that to the court, if no date was set for a trial, my client doesn't appear on that date. There's going to be – to me, there's going to be a warrant issue if he doesn't appear on that date, no matter how you slice it. If there's no trial date set, I'm afraid that, you know, my client's not here. Mr. Hamill, where is he? Does Rule 505 take care of that? You send in your not guilty plea, you ask for a new date. No warrant issues, does it? Well, I'm – yeah, I don't want to presuppose what a court's going to do if I stand in front of a court and say, in a misdemeanor, my client's not here because I filed that demand. I would like to kind of know that ahead of time. But I'm not going to tell my client not to appear when we only have one date of saying that you should appear. I mean, I won't take that next leap and tell somebody not to appear in court because, to me, that's an ulcer waiting to happen. I'm not going to tell somebody not to appear in court. I'm not comfortable with that, saying don't appear in court. But, again, not to belabor it, this says a new appearance date will be set and arrangements will be made to have the arresting officer present. You're going to be given a new hearing date. Why would there be any apprehension of an arrest warrant being issued if you complied with the rule? And, again, Judge Justice, I'm just not comfortable with telling somebody without a new firm date prior to that date because their whole reason with giving, I imagine, giving at least 10 days is to get some type of notice out, that there is a new date. I mean, that's why they wanted 10, and I think in the rule it says 10 business days, excluding Saturdays, Sundays and holidays, which makes it even more than 10 working days. I imagine the idea before the court was give him some notice that there is a firm date set. But without a firm date set, even though he doesn't have to be there, we still have in the underlying case a statutory summary suspension, which I did file and which we did set for hearing. So even though he doesn't, if the court believes he did not have to appear there, I still have a summary suspension, which I still had to set for hearing, but as to the criminal case, to avoid multiple court appearances. So I'd ask the court. Let me just ask one question before you. Section 114-1 of the Code of Criminal Procedures governs motions to dismiss in a number of circumstances. What bearing does that statute have on this case with respect to the prejudice without prejudice question? Since it does, in certain cases, allow for charges to be reinstated after a dismissal. Are you familiar with it? I'm familiar with the section on the motion. You're referring to the motion to dismiss section. Yes. Okay. And not having it as part of the record. And so if the court would indulge me on it, I notice my time is. But I thought that on the motion to dismiss section that even though there's enumerated 12, there's still, if you want me to continue justice. You may. Okay. I've done those motions to dismiss, and I believe the motion to dismiss still has a due process and whether or not you have to show, as the court says, prejudice to the defendant. And, again, to avoid multiple court appearances is a number one, is how whether or not you're being prejudiced on this case is a number one factor. And, again, with Lamoni, being from out of state is a big factor. And, again, with Womgams, we were ready for trial. Even though they had a judge available, I didn't hear anything about a motion to continue, just that I filed a motion to dismiss. Again, even though I'm not the state's attorney on it, and maybe I do things differently because I do things differently, but I still think that there was prejudice here upon my clients. Thank you. Thank you. Thank you, Mr. Hamel. Ms. O'Connell. Your Honors, to answer the question whether the court had the discretion to deny the defendant's motion to dismiss, under the rule in this case, no, the court had no discretion to deny the motion to dismiss. For this showing of impracticality limits what is actually a violation here. So once the court finds that it wasn't set within 60 days, no showing of impracticability, it has found that a violation has occurred. All these judges believed, once I find that, I don't have any discretion not to dismiss these charges. And you don't think they did either? No. Maybe I didn't understand what you said. Well, the trial judges in this case believed that they had no discretion. If their rationale were adopted by this court, then they would have no discretion to permit this to proceed. The state in these cases did not ask for a continuance, but that had no impact on what the basis was for the dismissal. The courts dismissed this because the first appearance was not set within 60 days. Once the state comes into court and 60 days has passed, there is no possible way to cure this error. Therefore, again, the trial judges believed that this standing by itself was sufficient and justification for a dismissal with prejudice. The defendants have claimed that they were prejudiced by needing to appear in court multiple times. This is a fairly unusual argument for a criminal defendant. It's fairly typical in almost every type of case that a defendant is going to need to appear in court on multiple occasions. The rules have set forth a procedure for the defendants to avoid a single court date, and that would be if the defendants intend to plead guilty and demand a jury trial, they don't need to come into court to say that on their first appearance date. They can notify the clerk in advance and thereby avoid having to appear just for this type of an appearance. Also, it's fairly interesting. The defendants appear to concede that it is proper for them to appear multiple times on a statutory summary suspension of their driver's license, but yet it's not proper for them to appear multiple times to proceed on a misdemeanor DUI charge. But clearly the issues in a DUI case are much more complicated than they are in a statutory summary suspension, where the question is simply, did they agree to do the breathalyzer, whatever test, and if they did, then their license is revoked. In a DUI, as this Court noted in Norris, it's not at all unusual for there to be more than one witness, not just an arresting officer, but oftentimes there is a lot of even expert testimony as to what the impact is on an individual of a certain level of drugs or alcohol in the system. These cases typically are not simple enough to be resolved just by having the defendant come into court once. And furthermore, based on the rule adopted below, if the trial were to take place over more than one day, the defendants would be entitled to dismissal with prejudice, because the rule on which the appellate court relied is that these finally defenders get a merits disposition. The trial is not complete. They don't get a merits disposition. So these defendants in these complicated DUI cases are being allowed to get a free pass. The State's position that DUI charges should not be treated differently from other criminal charges, these are serious offenses, we would ask this Court to reverse the courts below and allow the State to proceed with their prosecution. Thank you. Thank you, Ms. O'Connell. Case number 110085, People v. James Zobro.